IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-23,166-03






EX PARTE ALEJANDRO SALAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM KARNES COUNTY

Trial Court # K-87-08-113-CR



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated assault, and punishment was assessed at confinement for twenty 
years. No direct appeal was taken. 

 Applicant contends that his parole was revoked without a hearing and any revocation
hearing waiver was ineffective due to misrepresentations of Parole Supervisor C. Hall.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed. Because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from Parole Supervisor C. Hall, or if he/she is unavailable, an
official from the Parole Division of TDCJ. The trial court may also order a hearing. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant waived a revocation hearing, and if so, whether that waiver was
voluntary, knowing and intelligent. The trial court should also make any further findings of
fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14th DAY OF December, 2005.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.